**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NJSR SURGICAL CENTER, L.L.C., | : |
| | : |
| | : Civil Action No: 13-02264 (FSH)(MAH) |
| | : |
| Plaintiff, | : |
| | : |
| | : **AMENDED COMPLAINT** |
| vs. | : |
| | : |
| CONNECTICUT GENERAL LIFE | : |
| INSURANCE COMPANY,   ABC | : |
| SELF-FUNDED PLANS 1-10, | : |
| | : |
| Defendants. | : |

Plaintiff, NJSR Surgical Center, L.L.C, by way of Amended Complaint alleges as follows:

**JURISDICTION AND VENUE**

1.     This action is brought pursuant to a federal question under ERISA, codified at 29 U.S.C. §1001, et seq.

2.     This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.     This Court is a proper venue for this action under 28 U.S.C. §1391 because the parties conduct business within this judicial district and did so with respect to the matters that gave rise to this lawsuit.

## THE PARTIES

4.     Plaintiff, NJSR Surgical Center, L.L.C. ("Plaintiff"), is a limited liability corporation incorporated and doing business in the State of New Jersey.

5.     At all relevant times, Plaintiff was and is an "out-of-network" medical provider that rendered medical services to subscribers and/or dependents enrolled in the healthcare plans of the defendants.

6.     Defendant, Connecticut General Life Insurance Company ("CGLIC"), offers, underwrites, and administers both ERISA and non-ERISA commercial health plans ("Plan" or "Plans"), through CGLIC.  CGLIC maintains its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

7.     Defendants, ABC Self-Funded Plans 1-10 are self-funded plans, including employee welfare plans, and are fictitious defendants to be identified in the course of the litigation.  Upon information and belief, CGLIC provided administrative services for the ABC Self-Funded Plans 1-10.

8.     At times herein, CGLIC and the fictitious defendants are collectively referred to as "Defendants."

## SUBSTANTIVE ALLEGATIONS

9.     Plaintiff, a non-participating or "out-of-network" medical provider, is a New Jersey Medicare certified surgery licensure exempt single operating room surgical center that provides surgical facility services associated with outpatient surgery at its facility.  Plaintiff's facility is exempt from licensure in accordance with applicable New Jersey Department of Health and Senior Services regulations.

10.     Plaintiff provided surgical facility "out-of-network" services to certain patients who were insureds of or otherwise entitled to medical and healthcare expense benefits under Defendants' ERISA and non-ERISA policies or Plans.

11.     Specifically, at all relevant times, Defendants provided ERISA or non-ERISA coverage for medical and healthcare benefits to their subscribers, members, participants and/or dependents, collectively referred to herein as Patients 1-5.   (The patients are not identified by name or other characteristics in this pleading in order to protect confidential health information, but will be fully disclosed to Defendants upon request following service of the filed Complaint).   The coverage for medical and healthcare expense benefits enabled Patients 1-5 to seek treatment and care from "out-of-network" providers such as the Plaintiff.

12.     Prior to rendering the subject services to Patients 1-5, and where required, Plaintiff called Defendants' representatives to confirm (by way of pre-authorization or pre-certification) that the patients had "out-of-network" benefits for facility outpatient services at Plaintiff's surgical center for spine procedures and/or injections for pain management under their respective insurance agreements or Plans with Defendants, and in each case Defendants' representatives confirmed and represented there was such coverage as to each patient.   Defendants also confirmed and represented that they did not require that Plaintiff obtain pre-authorization/pre-certification to render the subject services, or Defendants provided the necessary pre-authorization/pre-certification.   In all cases, the Plaintiff relied on the representations of Defendants to Plaintiff's detriment in rendering the subject services.

3

13.     In each instance with regard to the subject services rendered by the Plaintiff to Patients 1-5, the Defendants subsequently denied benefits and payment for the services rendered on grounds that were:  (a) arbitrary and capricious (as to the ERISA Plans); (b) violative of state contract law (as to the non-ERISA Plans); and/or (c) violative of state promissory estoppel and misrepresentation common law (as to all Plans).  Plaintiff's causes of action arising under promissory estoppel and misrepresentation are applicable to all denials, regardless of whether those denials arose from ERISA or non-ERISA Plans, and such causes of action are independent of and unrelated to ERISA, and do not require the review or consideration of any purported Plan terms or documents.

14.     Specifically, in each instance the Defendants' subsequent denials -- despite their representations to the contrary and after Plaintiff rendered the services in reliance on these representations -- were based solely on their erroneous and/or negligent assertion that the "services rendered by unlicensed providers or entities are not covered under the benefit plans administered by and or underwritten by" the Defendants, or on grounds substantially identical.

15.     Such denials, however, are in direct contradiction of the laws of the State of New Jersey, Department of Health, codified at 8 N.J.A.C. §43A, et seq., under which a licensure exempt surgical center, entirely physician owned, with a single operating room such as the Plaintiff's, is not required to be licensed.

16.     Furthermore, such denials are in direct contradiction to the representations made by Defendants to Plaintiff that the services rendered by Plaintiff would be covered under Defendants' Plans.

17.     Plaintiff has standing to bring this action because it exhausted all appeals or the filing of appeals or further appeals would be futile.  By way of example, on August 8, 2012, with regard to the September 30, 2011 services rendered to Patient K.C., CGLIC denied Plaintiff's appeal and upheld the original decision to deny reimbursement because Plaintiff was a "non-licensed provider [and that CGLIC] and its subsidiaries provide benefits only for licensed providers practicing within the scope of their license."

18.     Plaintiff also has standing to bring this action because the Patients 1-5 provided complete assignments of benefits to the Plaintiff.   (The redacted form of assignment of benefits executed by each of the Patients 1-5 is appended to the end of this pleading as Exhibit "A.")  In relevant part, the assignment of benefits provides that "[the Patient] hereby assign[s] and transfer[s] to [Plaintiff], all of my rights, title and benefits payable by my insurance carrier for services performed by [Plaintiff]."  In addition, "[the Patient] authorize[s] and assign[s] to [Plaintiff] the right to file suit and to obtain counsel for the collection of . . . all other insurance benefits through the carriers themselves, plan administrator, payor, or third party."  To the extent that Defendants may contend that an anti-assignment clause(s) prohibits an assignment of benefits, Defendants have waived their rights to assert such clause(s) due to their, or their agents', regular course of dealings with the Plaintiff during which these Defendants, or their agents, continuously dealt directly with the Plaintiff regarding, inter alia, medical necessity and pre-certification issues, claim submissions, claim adjudication, claim follow-up and/or appeal issues, without ever invoking any purported anti-assignment provision.

19.     Plaintiff also has standing to assert its state law promissory estoppel and negligent misrepresentation claims, arising from the erroneous and/or negligent

5

misrepresentations of coverage made by Defendants, because these claims:   (a) arise independent of and do not implicate ERISA in any respect; (b) may be asserted directly by Plaintiff without the need for an assignment of benefits from Patients 1-5; and (c) are not preempted by ERISA.

## FIRST COUNT

### (ERISA 29 U.S.C. § 1132(a)(1)(B) -- as to ERISA Plans)

20.    Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

21.    The Defendants' actions as set forth herein constitute an arbitrary and capricious breach of the terms of the subject ERISA insurance Plans entered into between the Defendants and Patients 1-5 wherein the Defendants agreed to provide Patients 1-5 with medical and healthcare expense benefits for the  medical services provided by the Plaintiff.

22.    The Plaintiff is entitled to recover said medical and healthcare expense benefits pursuant to ERISA, as an assignee of the complete benefits from Patients 1-5, pursuant to the benefit Plans at issue.

23.    The denial of said medical and healthcare expense benefits constitutes a breach of the Plans between the Defendants and the Plaintiff, as assignee.  The Plaintiff therefore seeks reimbursement and compensation for any and all benefits it should have received as a result of the Defendants' failure to provide coverage.

24.    As a direct and proximate result of the aforementioned conduct of the Defendants, the Plaintiff has been damaged in an amount equal to the amount of benefits to

which the Plaintiff should have been entitled to under the terms of the subject Plans. In addition, the Plaintiff is entitled to pre-judgment interest at the appropriate rate.

WHEREFORE, the Plaintiff demands judgment against the Defendants for:

a)      Damages and compensation payable under the subject ERISA benefit Plans to reimburse the Plaintiff for medical and healthcare expense benefits and payments that the Plaintiff is entitled to receive as assignee of such benefits from Patients 1-5;

b)      Interest;

c)      Costs of suit;

d)      Attorneys' fees; and

e)      Such other relief as the Court deems equitable and just.

## SECOND COUNT

### (ERISA 29 U.S.C. § 1132(g)(1) -- as to ERISA Plans)

25.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

26.     29 U.S.C. § 1132(g)(1) authorizes an award of reasonable attorneys' fees and costs of an ERISA action.

27.     As a result of the actions and failings of the Defendants, the Plaintiff had to retain the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action.  Further, the Plaintiff anticipates incurring additional attorneys' fees and costs in pursuing this action to conclusion in an amount that will be calculated at the conclusion of the action.

28.     The Plaintiff therefore requests an award of reasonable attorneys' fees and costs.

WHEREFORE, the Plaintiff demands judgment against the Defendants for:

a)      Damages and compensation payable under the subject ERISA benefit Plans to reimburse the Plaintiff for medical and healthcare expense benefits and payments that the Plaintiff is entitled to receive as assignee of such benefits from Patients 1-5;

b)      Interest;

c)      Costs of suit;

d)      Attorneys' fees; and

e)      Such other relief as the Court deems equitable and just.

## THIRD COUNT

### (Promissory Estoppel -- as to All Plans)

29.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

30.     Prior to rendering the subject services to Patients 1-5, and where required, Plaintiff called Defendants' representatives to confirm (by way of pre-authorization or pre-certification) that the patient had "out-of-network" benefits for facility outpatient services at Plaintiff's surgical center for various services under their respective insurance agreements or Plans with Defendants, and in each case Defendants' representatives confirmed and represented there was such coverage as to each patient and/or advised Plaintiff that no pre-authorization/pre-certification was necessary to render such services.

31.     Plaintiff then relied on the representations of Defendants to Plaintiff's detriment in rendering the subject services.

32.     At no time did the Defendants ever withdraw their pre-authorization or pre-certification, or otherwise advise Plaintiff that they were not authorized to render the subject services, or that coverage was unavailable notwithstanding Defendants' prior representations to the contrary.

33.     Despite the Defendants' continued authorization or similar approval of treatment, the Defendants have not paid Plaintiff for the subject services.

34.     The Defendants' actions have therefore caused Plaintiff to suffer a detriment of a definite and substantial nature in reliance upon the Defendants' pre-authorization, pre-certification or similar approval, thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

35.     The promissory estoppel claim does not arise under ERISA, and is an independent state law claim that is not preempted by ERISA. Resolution of the promissory estoppel claim does not require a review or consideration of the Plan documents, as this cause of action arises solely based on the representations made to Plaintiff by Defendants that are independent of whatever the Plan coverages may provide.

36.     Plaintiff has suffered significant damages as a result.

WHEREFORE, Plaintiff demands judgment against the Defendants for:

a)      Compensatory damages;

b)      Interest;

c)      Costs of suit;

d)      Attorneys' fees; and

e)      Such other relief as the Court deems equitable and just.

## FOURTH COUNT

### (Negligent Misrepresentation -- as to All Plans)

37.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

38.     Despite their pre-authorization and/or pre-certification and/or representations that Patients 1-5 had coverage for the services to be rendered by plaintiff, the Defendants negligently refused to pay the subject services.

39.     The Defendants' negligent false representations of pre-authorization, pre-certification, coverage, or other approvals to the Plaintiff, and the resulting refusal to pay Plaintiff for the services rendered, was unknown to Plaintiff at the time it agreed to perform the subject services.   Plaintiff reasonably expected and relied upon what it believed to be the Defendants' honest representations when Defendants pre-authorized, pre-certified or otherwise advised the Plaintiff it had approval to render the subject services and/or that coverage was afforded for such services.

40.     Plaintiff's reliance on these representations was to its substantial detriment.

41.     The negligent misrepresentation claim does not arise under ERISA, and is an independent state law claim that is not preempted by ERISA.   Resolution of the negligent misrepresentation claim does not require a review or consideration of the Plan documents, as this cause of action arises solely based on the representations made to Plaintiff by Defendants that are independent of whatever the Plan coverages may provide.

42.     Plaintiff has suffered significant damages as a result.

WHEREFORE, Plaintiff demands judgment against the Defendants for:

a)  Compensatory damages;

b)  Interest;

c)  Costs of suit;

d)  Attorneys' fees; and

e)  Such other relief as the Court deems equitable and just.

## FIFTH COUNT

### (Breach of Contract – as Non-ERISA Plans)

43.   Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

44.   The Defendants' actions as set forth herein constitute a breach of the terms of the subject non-ERISA insurance Plans entered into between the Defendants and Patients 1-5 wherein the Defendants agreed to provide Patients 1-5 with medical and healthcare expense benefits for the  medical services provided by the Plaintiff.

45.   The Plaintiff is entitled to recover said medical and healthcare expense benefits pursuant to state common law breach of contract, as an assignee of the complete benefits from Patients 1-5, pursuant to the benefit Plans at issue.

46.   The denial of said medical and healthcare expense benefits constitutes a breach of the Plans between the Defendants and the Plaintiff, as assignee.  The Plaintiff therefore seeks reimbursement and compensation for any and all benefits it should have received as a result of the Defendants' failure to provide coverage.

47.   As a direct and proximate result of the aforementioned conduct of the Defendants, the Plaintiff has been damaged in an amount equal to the amount of benefits to

which the Plaintiff should have been entitled to under the terms of the subject Plans.  In addition, the Plaintiff is entitled to pre-judgment interest at the appropriate rate.

WHEREFORE, Plaintiff demands judgment against the Defendants for:

a)    Compensatory damages;

b)    Interest;

c)    Costs of suit;

d)    Attorneys' fees; and

e)    Such other relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues in which a jury trial is available.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff


By: _/s/ Eric D. Katz_____
        ERIC D. KATZ


DATED:  April 16, 2013

# EXHIBIT A

## ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY FORM

**Assignment of Benefits and Claims:**

I hereby assign and transfer to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, all of my rights, title and benefits payable by my insurance carrier for services performed by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

I hereby authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to submit claims to my insurance carrier or intermediary for all services rendered by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and to exercise any appeals and other rights under my policy on my behalf.

I authorize and assign to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates the right to file suit and to obtain counsel and enter into legal or other actions on my behalf and/or in my name, including arbitration/dispute resolution process, for any claims against my insurance carrier, PIP carrier, Workers' Compensation carrier, plan administrator, payor or third party. This authorization includes the right to assignments to pursue declaratory relief or other legal remedies.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to appoint an attorney to represent me directly for the collection of PIP benefits, Workers' Compensation benefits and all other insurance benefits through the carriers themselves, plan administrator, payor or third party. I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to obtain an attorney to represent me directly in appealing a claim to the State Health Benefits Commission for all state plans. I authorize NJSR to obtain an attorney to represent me directly in appealing a claim to the appropriate Federal Agency for all federal plans.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to act on my behalf and report any suspected violations of proper claims practices to the proper regulatory authorities.

I direct my insurance carrier, or its intermediaries, to issue a payment check directly to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

If my insurance carrier will not directly pay New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, I authorize and direct that the insurance company send all checks and copies of Explanation of Benefit forms in connection with the services of onset date of service to current to my home address and/or the billing company and/or the attorney representing New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates so that we may forward checks to NJSR, PO Box 378, Pompton Lakes, NJ 07442.

If my insurance carrier requires a referral prior to the commencement of treatment, I agree to obtain this prior to any examination or treatments.

**Financial Responsibility:**

I understand and agree that I am fully responsible for all charges incurred in connection with the receipt of services and care from New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and promise to pay promptly to NJSR the amount of such charges.

I further understand that regardless of my assigned insurance benefits, I am responsible for the total charges of services rendered not covered by the insurance company. I agree to cooperate, aid, and assist New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates in procuring all possible insurance benefits.

I understand that co-payments and deductible payments are due in full at the time of service unless prior arrangements have been specifically made. All accounts over 60 days will be charged an interest rate of 1½ percent per month (18% per annum) or a $2.00 minimum. In the event any balance due hereunder is not paid as agreed, the undersigned jointly and severally agree to pay all costs charged by the collection company, which costs will not exceed 20% of said unpaid balance, including a reasonable attorney's fee.

I understand that I may be charged a fee if I do not show up for an office visit or if I cancel my appointment less than 24 hours from the time of my scheduled appointment.

In the event that I receive direct payment of any amounts due to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates for services rendered from my carrier(s), I agree to forward immediately to NJSR any checks made payable to me. I agree to notify New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates upon receipt of such check and to endorse the checks appropriately "Pay to the Order of (New Jersey Spine & Rehabilitation, NJSR Surgical Center or Pompton Anesthesia Associates)" and immediately mail the check and any Explanation of Benefits (EOB) to NJSR, PO Box 378, Pompton Lakes, NJ 07442, keeping copies of the check and EOB for my records. If for some reason, I do not abide by these terms, I authorize NJSR to charge my credit card for amounts equal to the amount I have received from my carrier(s).

Credit Card Information:  VISA        MASTERCARD        AMERICAN EXPRESS

Name on Card: _____

Card Number: _____        Expiration Date: _____

3-digit EIN Number (on back of card in signature area for MC or Visa): _____
OR
4-digit EIN Number (on front of card in top right corner for AMEX): _____

<u>Authorization for Release of Medical Records and Consent to Disclosure:</u>

I hereby authorize NJSR <u>to release</u> of any information necessary regarding services rendered to my insurance carriers and/or referring physicians. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf. I permit a copy of the authorization to be used in place of the original. This authorization may be revoked by either me or my insurance company at any time in writing.

I further authorize NJSR and its agents and/or attorneys <u>to obtain</u> medical information regarding my physical condition from any other healthcare provider, including hospitals, physicians' offices, diagnostic centers, etc, and I specifically authorize such healthcare providers to release any such information to NJSR. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this medical information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf. This authorization may be revoked by either me or my insurance company at any time in writing.

I further understand that any person(s) who receive these medical records will not release any of the health information obtained by this authorization to any other person or organization without a further authorization signed by me for release of the information.

I have read and understand the terms and conditions of both the <u>ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY</u> outlined above and accept full responsibility for this account. I understand my signature below creates a valid contract between the patient and the provider.

PRINTED PATIENT NAME: ███████████        WITNESS: ███████████████

NAME OF PERSON PROVIDING AUTHORIZATION (if different from patient): _____

AUTHORIZED SIGNATURE: ███████████        DATE: ███████████
Patient, Parent, or Guardian

## ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY FORM

### Assignment of Benefits and Claims:

I hereby assign and transfer to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, all of my rights, title and benefits payable by my insurance carrier for services performed by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

I hereby authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to submit claims to my insurance carrier or intermediary for all services rendered by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and to exercise any appeals and other rights under my policy on my behalf.

I authorize and assign to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates the right to file suit and to obtain counsel and enter into legal or other actions on my behalf and/or in my name, including arbitration/dispute resolution process, for any claims against my insurance carrier, PIP carrier, Workers' Compensation carrier, plan administrator, payor or third party. This authorization includes the right to assignments to pursue declaratory relief or other legal remedies.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to appoint an attorney to represent me directly for the collection of PIP benefits, Workers' Compensation benefits and all other insurance benefits through the carriers themselves, plan administrator, payor or third party. I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to obtain an attorney to represent me directly in appealing a claim to the State Health Benefits Commission for all state plans. I authorize NJSR to obtain an attorney to represent me directly in appealing a claim to the appropriate Federal Agency for all federal plans.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to act on my behalf and report any suspected violations of proper claims practices to the proper regulatory authorities.

I direct my insurance carrier, or its intermediaries, to issue a payment check directly to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

If my insurance carrier will not directly pay New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, I authorize and direct that the insurance company send all checks and copies of Explanation of Benefit forms in connection with the services of onset date of service to current to my home address and/or the billing company and/or the attorney representing New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates so that we may forward checks to NJSR, PO Box 378, Pompton Lakes, NJ 07442.

If my insurance carrier requires a referral prior to the commencement of treatment, I agree to obtain this prior to any examination or treatments.

### Financial Responsibility:

I understand and agree that I am fully responsible for all charges incurred in connection with the receipt of services and care from New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and promise to pay promptly to NJSR the amount of such charges.

I further understand that regardless of my assigned insurance benefits, I am responsible for the total charges of services rendered not covered by the insurance company. I agree to cooperate, aid, and assist New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates in procuring all possible insurance benefits.

I understand that co-payments and deductible payments are due in full at the time of service unless prior arrangements have been specifically made. All accounts over 60 days will be charged an interest rate of 1½ percent per month (18% per annum) or a $2.00 minimum. In the event any balance due hereunder is not paid as agreed, the undersigned jointly and severally agree to pay all costs charged by the collection company, which costs will not exceed 20% of said unpaid balance, including a reasonable attorney's fee,

I understand that I may be charged a fee if I do not show up for an office visit or if I cancel my appointment less than 24 hours from the time of my scheduled appointment.

In the event that I receive direct payment of any amounts due to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates for services rendered from my carrier(s), I agree to forward immediately to NJSR any checks made payable to me. I agree to notify New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates upon receipt of such check and to endorse the checks appropriately "Pay to the Order of (New Jersey Spine & Rehabilitation, NJSR Surgical Center or Pompton Anesthesia Associates)" and immediately mail the check and any Explanation of Benefits (EOB) to NJSR, PO Box 378, Pompton Lakes, NJ 07442, keeping copies of the check and EOB for my records. If for some reason, I do not abide by these terms, I authorize NJSR to charge my credit card for amounts equal to the amount I have received from my carrier(s).

Credit Card Information:   VISA        MASTERCARD        AMERICAN EXPRESS

Name on Card: _____

Card Number: _____        Expiration Date: _____

3-digit EIN Number (on back of card in signature area for MC or Visa): _____
OR
4-digit EIN Number (on front of card in top right corner for AMEX): _____

**Authorization for Release of Medical Records and Consent to Disclosure:**

I hereby authorize NJSR <u>to release</u> of any information necessary regarding services rendered to my insurance carriers and/or referring physicians. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf. I permit a copy of the authorization to be used in place of the original. This authorization may be revoked by either me or my insurance company at any time in writing.

I further authorize NJSR and its agents and/or attorneys <u>to obtain</u> medical information regarding my physical condition from any other healthcare provider, including hospitals, physicians' offices, diagnostic centers, etc, and I specifically authorize such healthcare providers to release any such information to NJSR. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this medical information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf. This authorization may be revoked by either me or my insurance company at any time in writing.

I further understand that any person(s) who receive these medical records will not release any of the health information obtained by this authorization to any other person or organization without a further authorization signed by me for release of the information.

I have read and understand the terms and conditions of both the <u>ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY</u> outlined above and accept full responsibility for this account. I understand my signature below creates a valid contract between the patient and the provider.

PRINTED PATIENT NAME: ███████████████████ WITNESS: ███████████████

NAME OF PERSON PROVIDING AUTHORIZATION (If different from patient): _____

AUTHORIZED SIGNATURE: ███████████████████        DATE: ███████████
                        Patient, Parent, or Guardian

### ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY FORM

**Assignment of Benefits and Claims:**

I hereby assign and transfer to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, all of my rights, title and benefits payable by my insurance carrier for services performed by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

I hereby authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to submit claims to my insurance carrier or intermediary for all services rendered by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and to exercise any appeals and other rights under my policy on my behalf.

I authorize and assign to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates the right to file suit and to obtain counsel and enter into legal or other actions on my behalf and/or in my name, including arbitration/dispute resolution process, for any claims against my insurance carrier, PIP carrier, Workers' Compensation carrier, plan administrator, payor or third party. This authorization includes the right to assignments to pursue declaratory relief or other legal remedies.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to appoint an attorney to represent me directly for the collection of PIP benefits, Workers' Compensation benefits and all other insurance benefits through the carriers themselves, plan administrator, payor or third party. I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to obtain an attorney to represent me directly in appealing a claim to the State Health Benefits Commission for all state plans. I authorize NJSR to obtain an attorney to represent me directly in appealing a claim to the appropriate Federal Agency for all federal plans.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to act on my behalf and report any suspected violations of proper claims practices to the proper regulatory authorities.

I direct my insurance carrier, or its intermediaries, to issue a payment check directly to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

If my insurance carrier will not directly pay New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, I authorize and direct that the insurance company send all checks and copies of Explanation of Benefit forms in connection with the services of onset date of service to current to my home address and/or the billing company and/or the attorney representing New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates so that we may forward checks to NJSR, PO Box 378, Pompton Lakes, NJ 07442.

If my insurance carrier requires a referral prior to the commencement of treatment, I agree to obtain this prior to any examination or treatments.

**Financial Responsibility:**

I understand and agree that I am fully responsible for all charges incurred in connection with the receipt of services and care from New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and promise to pay promptly to NJSR the amount of such charges.

I further understand that regardless of my assigned insurance benefits, I am responsible for the total charges of services rendered not covered by the insurance company. I agree to cooperate, aid, and assist New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates in procuring all possible insurance benefits.

I understand that co-payments and deductible payments are due in full at the time of service unless prior arrangements have been specifically made. All accounts over 60 days will be charged an interest rate of 1¼ percent per month (18% per annum) or a $2.00 minimum. In the event any balance due hereunder is not paid as agreed, the undersigned jointly and severally agree to pay all costs charged by the collection company, which costs will not exceed 20% of said unpaid balance, including a reasonable attorney's fee.

I understand that I may be charged a fee if I do not show up for an office visit or if I cancel my appointment less than 24 hours from the time of my scheduled appointment.

In the event that I receive direct payment of any amounts due to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates for services rendered from my carrier(s), I agree to forward immediately to NJSR any checks made payable to me. I agree to notify New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates upon receipt of such check and to endorse the checks appropriately "Pay to the Order of (New Jersey Spine & Rehabilitation, NJSR Surgical Center or Pompton Anesthesia Associates)" and immediately mail the check and any Explanation of Benefits (EOB) to NJSR, PO Box 378, Pompton Lakes, NJ 07442, keeping copies of the check and EOB for my records.  If for some reason, I do not abide by these terms, I authorize NJSR to charge my credit card for amounts equal to the amount I have received from my carrier(s).

Credit Card Information:  VISA        MASTERCARD        AMERICAN EXPRESS

Name on Card: _____

Card Number: _____        Expiration Date: _____

3-digit EIN Number (on back of card in signature area for MC or Visa): _____
OR
4-digit EIN Number (on front of card in top right corner for AMEX): _____

Authorization for Release of Medical Records and Consent to Disclosure:

I hereby authorize NJSR to release of any information necessary regarding services rendered to my insurance carriers and/or referring physicians. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf.   I permit a copy of the authorization to be used in place of the original. This authorization may be revoked by either me or my insurance company at any time in writing.

I further authorize NJSR and its agents and/or attorneys to obtain medical information regarding my physical condition from any other healthcare provider, including hospitals, physicians' offices, diagnostic centers, etc, and I specifically authorize such healthcare providers to release any such information to NJSR. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this medical information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf.  This authorization may be revoked by either me or my insurance company at any time in writing.

I further understand that any person(s) who receive these medical records will not release any of the health information obtained by this authorization to any other person or organization without a further authorization signed by me for release of the information.

I have read and understand the terms and conditions of both the ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY outlined above and accept full responsibility for this account.  I understand my signature below creates a valid contract between the patient and the provider.

PRINTED PATIENT NAME: _____        WITNESS: _____

NAME OF PERSON PROVIDING AUTHORIZATION (if different from patient): _____

AUTHORIZED SIGNATURE: _____                    DATE: _____
                        Patient, Parent, or Guardian

### ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY FORM

**Assignment of Benefits and Claims:**

I hereby assign and transfer to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, all of my rights, title and benefits payable by my insurance carrier for services performed by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

I hereby authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to submit claims to my insurance carrier or intermediary for all services rendered by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and to exercise any appeals and other rights under my policy on my behalf.

I authorize and assign to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates the right to file suit and to obtain counsel and enter into legal or other actions on my behalf and/or in my name, including arbitration/dispute resolution process, for any claims against my insurance carrier, PIP carrier, Workers' Compensation carrier, plan administrator, payor or third party. This authorization includes the right to assignments to pursue declaratory relief or other legal remedies.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to appoint an attorney to represent me directly for the collection of PIP benefits, Workers' Compensation benefits and all other insurance benefits through the carriers themselves, plan administrator, payor or third party. I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to obtain an attorney to represent me directly in appealing a claim to the State Health Benefits Commission for all state plans. I authorize NJSR to obtain an attorney to represent me directly in appealing a claim to the appropriate Federal Agency for all federal plans.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to act on my behalf and report any suspected violations of proper claims practices to the proper regulatory authorities.

I direct my insurance carrier, or its intermediaries, to issue a payment check directly to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

If my insurance carrier will not directly pay New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, I authorize and direct that the insurance company send all checks and copies of Explanation of Benefit forms in connection with the services of onset date of service to current to my home address and/or the billing company and/or the attorney representing New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates so that we may forward checks to NJSR, PO Box 378, Pompton Lakes, NJ 07442.

If my insurance carrier requires a referral prior to the commencement of treatment, I agree to obtain this prior to any examination or treatments.

**Financial Responsibility:**

I understand and agree that I am fully responsible for all charges incurred in connection with the receipt of services and care from New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and promise to pay promptly to NJSR the amount of such charges.

I further understand that regardless of my assigned insurance benefits, I am responsible for the total charges of services rendered not covered by the insurance company. I agree to cooperate, aid, and assist New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates in procuring all possible insurance benefits.

I understand that co-payments and deductible payments are due in full at the time of service unless prior arrangements have been specifically made. All accounts over 60 days will be charged an interest rate of 1½ percent per month (18% per annum) or a $2.00 minimum. In the event any balance due hereunder is not paid as agreed, the undersigned jointly and severally agree to pay all costs charged by the collection company, which costs will not exceed 20% of said unpaid balance, including a reasonable attorney's fee.

I understand that I may be charged a fee if I do not show up for an office visit or if I cancel my appointment less than 24 hours from the time of my scheduled appointment.

In the event that I receive direct payment of any amounts due to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates for services rendered from my carrier(s), I agree to forward immediately to NJSR any checks made payable to me. I agree to notify New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates upon receipt of such check and to endorse the checks appropriately "Pay to the Order of (New Jersey Spine & Rehabilitation, NJSR Surgical Center or Pompton Anesthesia Associates)" and immediately mail the check and any Explanation of Benefits (EOB) to NJSR, PO Box 378, Pompton Lakes, NJ 07442, keeping copies of the check and EOB for my records.  If for some reason, I do not abide by these terms, I authorize NJSR to charge my credit card for amounts equal to the amount I have received from my carrier(s).

Credit Card Information:   VISA        MASTERCARD        AMERICAN EXPRESS

Name on Card: _____

Card Number: _____         Expiration Date: _____

3-digit EIN Number (on back of card in signature area for MC or Visa): _____
OR
4-digit EIN Number (on front of card in top right corner for AMEX): _____

### Authorization for Release of Medical Records and Consent to Disclosure:

I hereby authorize NJSR to release of any information necessary regarding services rendered to my insurance carriers and/or referring physicians. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf.   I permit a copy of the authorization to be used in place of the original. This authorization may be revoked by either me or my insurance company at any time in writing.

I further authorize NJSR and its agents and/or attorneys to obtain medical information regarding my physical condition from any other healthcare provider, including hospitals, physicians' offices, diagnostic centers, etc, and I specifically authorize such healthcare providers to release any such information to NJSR. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this medical information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf.  This authorization may be revoked by either me or my insurance company at any time in writing.

I further understand that any person(s) who receive these medical records will not release any of the health information obtained by this authorization to any other person or organization without a further authorization signed by me for release of the information.

I have read and understand the terms and conditions of both the **ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY** outlined above and accept full responsibility for this account.  I understand my signature below creates a valid contract between the patient and the provider.

PRINTED PATIENT NAME: ▮▮▮▮▮▮▮▮▮▮▮        WITNESS: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

NAME OF PERSON PROVIDING AUTHORIZATION (if different from patient): _____

AUTHORIZED SIGNATURE _____        DATE: ▮▮▮▮▮▮
                     Patient, Parent, or Guardian

## ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY FORM

### Assignment of Benefits and Claims:

I hereby assign and transfer to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, all of my rights, title and benefits payable by my insurance carrier for services performed by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

I hereby authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to submit claims to my insurance carrier or intermediary for all services rendered by New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and to exercise any appeals and other rights under my policy on my behalf.

I authorize and assign to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates the right to file suit and to obtain counsel and enter into legal or other actions on my behalf and/or in my name, including arbitration/dispute resolution process, for any claims against my insurance carrier, PIP carrier, Workers' Compensation carrier, plan administrator, payor or third party. This authorization includes the right to assignments to pursue declaratory relief or other legal remedies.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to appoint an attorney to represent me directly for the collection of PIP benefits, Workers' Compensation benefits and all other insurance benefits through the carriers themselves, plan administrator, payor or third party. I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to obtain an attorney to represent me directly in appealing a claim to the State Health Benefits Commission for all state plans. I authorize NJSR to obtain an attorney to represent me directly in appealing a claim to the appropriate Federal Agency for all federal plans.

I authorize New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates to act on my behalf and report any suspected violations of proper claims practices to the proper regulatory authorities.

I direct my insurance carrier, or its intermediaries, to issue a payment check directly to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates.

If my insurance carrier will not directly pay New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, I authorize and direct that the insurance company send all checks and copies of Explanation of Benefit forms in connection with the services of onset date of service to current to my home address and/or the billing company and/or the attorney representing New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates so that we may forward checks to NJSR, PO Box 378, Pompton Lakes, NJ 07442.

If my insurance carrier requires a referral prior to the commencement of treatment, I agree to obtain this prior to any examination or treatments.

### Financial Responsibility:

I understand and agree that I am fully responsible for all charges incurred in connection with the receipt of services and care from New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates and promise to pay promptly to NJSR the amount of such charges.

I further understand that regardless of my assigned insurance benefits, I am responsible for the total charges of services rendered not covered by the insurance company. I agree to cooperate, aid, and assist New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates in procuring all possible insurance benefits.

I understand that co-payments and deductible payments are due in full at the time of service unless prior arrangements have been specifically made. All accounts over 60 days will be charged an interest rate of 1½ percent per month (18% per annum) or a $2.00 minimum. In the event any balance due hereunder is not paid as agreed, the undersigned jointly and severally agree to pay all costs charged by the collection company, which costs will not exceed 20% of said unpaid balance, including a reasonable attorney's fee.

I understand that I may be charged a fee if I do not show up for an office visit or if I cancel my appointment less than 24 hours from the time of my scheduled appointment.

In the event that I receive direct payment of any amounts due to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates for services rendered from my carrier(s), I agree to forward immediately to NJSR any checks made payable to me. I agree to notify New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates upon receipt of such check and to endorse the checks appropriately "Pay to the Order of (New Jersey Spine & Rehabilitation, NJSR Surgical Center or Pompton Anesthesia Associates)" and immediately mail the check and any Explanation of Benefits (EOB) to NJSR, PO Box 378, Pompton Lakes, NJ 07442, keeping copies of the check and EOB for my records. If for some reason, I do not abide by these terms, I authorize NJSR to charge my credit card for amounts equal to the amount I have received from my carrier(s).

Credit Card Information:  VISA          MASTERCARD          AMERICAN EXPRESS

Name on Card:  _____

Card Number: _____          Expiration Date: _____

3-digit EIN Number (on back of card in signature area for MC or Visa): _____
OR
4-digit EIN Number (on front of card in top right corner for AMEX): _____

Authorization for Release of Medical Records and Consent to Disclosure:

I hereby authorize NJSR to release of any information necessary regarding services rendered to my insurance carriers and/or referring physicians. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf.  I permit a copy of the authorization to be used in place of the original. This authorization may be revoked by either me or my insurance company at any time in writing.

I further authorize NJSR and its agents and/or attorneys to obtain medical information regarding my physical condition from any other healthcare provider, including hospitals, physicians' offices, diagnostic centers, etc, and I specifically authorize such healthcare providers to release any such information to NJSR. This may include diagnosis, x-rays, test results, medical reports, narrative reports, and records pertaining to any treatment or examination rendered to me. I understand that this medical information may be used for any of the following purposes: diagnostic, insurance, legal, and at any other time when NJSR deems it necessary in order to ensure the best medical care on my behalf.  This authorization may be revoked by either me or my insurance company at any time in writing.

I further understand that any person(s) who receive these medical records will not release any of the health information obtained by this authorization to any other person or organization without a further authorization signed by me for release of the information.

I have read and understand the terms and conditions of both the ASSIGNMENT OF BENEFITS AND FINANCIAL RESPONSIBILITY outlined above and accept full responsibility for this account. I understand my signature below creates a valid contract between the patient and the provider.

PRINTED PATIENT NAME: ████████████          WITNESS: ████████████

NAME OF PERSON PROVIDING AUTHORIZATION (if different from patient): _____

AUTHORIZED SIGNATURE: ████████████          DATE: ████████
         Patient, Parent, or Guardian